### HUTCHINSON et al. v. SMITH, Sheriff, et al.

(Circuit Court, W. D. Washington, N. D. July 19, 1905.)

#### No. 1,305.

FEDERAL COURTS—JURISDICTION—SUIT AGAINST STATE.

    A suit in equity against officers of a state to restrain them from instituting judicial proceedings in the courts of the state to enforce a statute alleged to be unconstitutional is in fact a suit against the state, which a federal court is prohibited from entertaining by the eleventh amendment to the Constitution.

    [Ed. Note.—Jurisdiction of federal courts of suits against state, see note to Tindall v. Wesley, 13 C. C. A. 165.]

In Equity. On demurrer to bill.

Carroll & Carroll, for complainants.

Kenneth McIntosh, Pros. Atty., for respondents.

HANFORD, District Judge. This is a suit in equity against the sheriff and prosecuting attorney of King county and the Attorney General of the state of Washington. The object of the suit is to obtain a decree declaring a statute (Laws Wash. 1905, p. 374, c. 179), enacted by the Legislature and approved by the Governor, prohibiting the use of trading stamps, to be unconstitutional, and for an injunction against the defendants, as officers, to restrain them from initiating criminal prosecutions to enforce said statute. The argument in support of the demurrer rests entirely upon the single proposition that the Supreme Court of the United States, in the case of Fitts v. McGhee, 172 U. S. 516, 19 Sup. Ct. 269, 43 L. Ed. 535, has determined that a suit in equity against officers of a state to restrain them from initiating judicial proceedings in the courts of the state to enforce a statute alleged to be unconstitutional is in reality a suit against the state, and that the federal courts are prohibited by the eleventh amendment to the Constitution of the United States from exercising jurisdiction in such a case. The able argument in opposition to the demurrer ignores and avoids this vital point, and I find myself, like counsel for the complainant, unable to refute the argument based upon the decision referred to; but the court cannot ignore nor refuse to accept it as an authoritative declaration of the supreme law. In its opinion in the case of Fitts v. McGhee, after referring to a number of previous decisions in which the jurisdiction of federal courts in suits against state officers had been sustained, the Supreme Court said:

"There is a wide difference between a suit against individuals, holding official positions under a state, to prevent them, under the sanction of an unconstitutional statute, from committing by some positive act a wrong or trespass, and a suit against officers of a state merely to test the constitutionality of a state statute, in the enforcement of which those officers will act only by formal judicial proceedings in the courts of the state. In the present case, as we have said, neither of the state officers named held any special relation to the particular statute alleged to be unconstitutional. They were not expressly directed to see to its enforcement. If, because they were law officers of the state, a case could be made for the purpose of testing the constitutionality of the statute, by an injunction suit brought against them, then the constitutionality of every act passed by the Legislature could be tested by a suit against the Governor and the Attorney General, based upon the theory that the former as the executive of the state was, in a general sense, charged with the execution of all its laws, and the latter, as Attorney General, might represent the state in litigation involving the enforcement of its statutes. That would be a very convenient way for obtaining a speedy judicial determination of questions of constitutional law which may be raised by individuals, but it is a mode which cannot be applied to the states of the Union consistently with the fundamental principle that they cannot, without their assent, be brought into any court at the suit of private persons. If their officers commit acts of trespass or wrong to the citizen, they may be individually proceeded against for such trespasses or wrong. Under the view we take of the question, the citizen is not without effective remedy, when proceeded against under a legislative enactment void for repugnancy to the supreme law of the land; for, whatever the form of proceeding against him, he can make his defense on the ground that the statute is unconstitutional and void, and that question can be ultimately brought to this court for final determination."

The distinction between cases of mere trespasses committed, or intended, by state officers in seizing or distraining property under pretext of authority attempted to be conferred by statutes repugnant to the Constitution of the United States, and cases of deprivation of individual rights, at the instance of state officers, by causing the arrest and imprisonment of a person, and oppressively harassing him in the conduct of a lawful business pursuant to a statutory enactment which is repugnant to the Constitution of the United States, and therefore a mere brutum fulmen, may be purely arbitrary. Nevertheless the distinction must be recognized, because it has been deliberately and positively established as a real distinction by the court of highest authority under the Constitution.

Let a decree be entered sustaining the demurrers of the several defendants, and dismissing the suit, with costs.